# In the United States Court of Federal Claims

No. 10-448C
(Filed February 10, 2014)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
B&B MEDICAL SERVICES, INC.,                   *      Pre-award bid protest; RCFC 12(b)(1);
                                              *      lack of subject-matter jurisdiction;
              Plaintiff,                      *      small business set-aside; 48 C.F.R.
                                              *      § 19.102(f); non-manufacturer rule;
       v.                                     *      VA home healthcare oxygen; NAICS
                                              *      codes; moot due to changes in size
THE UNITED STATES,                            *      standard regulations.
                                              *
              Defendant.                      *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Richard L. Moorhouse*, Greenberg Traurig, LLP, McLean, Virginia, for plaintiff.  *William M. Jack*, *Ryan C. Bradel*, Greenberg Traurig LLP, Washington, D.C., and *Mark G. Chalpin*, Silver Spring, Maryland, of counsel.

*Joshua E. Kurland*, Commercial Litigation Branch, Civil Division, Department of Justice, with whom were *Stuart F. Delery*, Assistant Attorney General, *Bryant G. Snee*, Acting Director, and *Kirk T. Manhardt*, Assistant Director, all of Washington, D.C., for defendant.

## ORDER

WOLSKI, Judge.

Presently before the Court is the government's motion to dismiss this case as moot.  This bid protest was brought by plaintiff B&B Medical Services, Inc. (B&B) as a challenge to the decision by the Department of Veterans Affairs (VA) to cancel Solicitation No. VA-249-10-RP-0041 (the solicitation).  *See* Compl. ¶¶ 1, 10, 20–22.  This solicitation, for home healthcare oxygen, was a small business set-aside under North American Industry Classification System (NAICS) code 339112, limited to offerors with 500 or fewer employees.  *Id.* ¶¶ 1, 14 & Ex. A at 1; *see also* Admin. R. at 23.  It also contained the Federal Acquisition Regulation (FAR) provision commonly known as the non-manufacturer rule, which states that "[a]ny concern submitting a bid or offer in its own name, other than on a construction or service contract, that proposes to furnish an end product it did not manufacture (a 'non-manufacturer'), is a

small business if it has no more than 500 employees . . . ."  *See* Compl., Ex. A at 59–61; Admin. R. at 635–37; 48 C.F.R. § 19.102(f).[1]

The solicitation was issued in place of an earlier one which had been designated with the services NAICS code 532291, and thus would have been restricted to offerors with annual receipts of $7 million or less.  *See* Admin. R. at 17, 270.  The plaintiff filed a protest of that previous solicitation with the Government Accountability Office (GAO), arguing that the size standard of the non-manufacturer rule should determine offeror eligibility under the holding of *Rotech Healthcare Inc. v. United States*, 71 Fed. Cl. 393, 411–24 (2006), a decision from our court concerning similar solicitations.  *See* Admin. R. at 283–86.  After reviewing the solicitations that were the subject of *Rotech*, the Contracting Officer (CO) agreed with B&B and reissued the solicitation under the supply NAICS code 339112, attempting to comply with a Small Business Administration (SBA) decision in a separate matter which found that the non-manufacturer rule does not apply to solicitations with services NAICS codes.  *Id.* at 270.

Objecting to the decision to use NAICS code 339112 for the solicitation, several potential offerors appealed to the Office of Hearings and Appeals (OHA) of the SBA --- resulting in the decision that the CO was right the first time in selecting the services NAICS code 532291 for the procurement.  Admin. R. at 553–61.  A few months later, the VA canceled the solicitation.  *See* Compl. ¶ 20 & Ex. C; Admin. R. at 108.  The plaintiff filed an agency-level protest of the cancellation.  *See* Compl. ¶ 21 & Ex. D; Admin. R. at 574–75.  In denying this protest, the CO explained that the OHA "decision clearly states that the appropriate NAICS Code to be assigned to the requirements set out in the referenced solicitation is 532291, Home Health Equipment Rental."  Admin. R. at 576.  He also noted that the GAO sustained a protest of another VA home healthcare oxygen solicitation, on the ground that the VA was required to follow an OHA determination that NAICS code 532291 was the appropriate code.  *Id.*  Instead of amending the solicitation to swap in the correct code, the CO "decided to cancel and resolicit as the population of potential offerors may well be very different for the newly assigned code."  *Id.*

Fearing that this population of potential offerors may be construed as not including it, B&B filed its protest in our court.  Plaintiff alleged that the VA arbitrarily and capriciously canceled the solicitation, contending that the solicitation was primarily for the supply of items and that the non-manufacturer rule should determine offeror eligibility.  *See* Compl. ¶¶ 1, 17–19, 27–31.  Plaintiff's harm from the cancellation was that it "exceeds the $7 million size standard" and thus "if NAICS

---

[1] The solicitation also instructed offerors that "the small business size standard for a concern which submits an offer in its own name, but which proposes to furnish an item which it did not manufacture, is 500 employees."  Compl., Ex. A at 61; Admin. R. at 637; *see also* 48 C.F.R. § 52.212-1(a).

532291 is applied to the now-cancelled and to-be-reissued Solicitation . . . it will not qualify as a small business concern under a 100 percent set aside." *Id*. ¶ 25.  The government moved to dismiss the case under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), arguing among other things that a challenge to the arbitrary cancellation of a solicitation is not within our subject-matter jurisdiction under the Tucker Act, *see* Def.'s Mot. to Dismiss at 5–8 (citing 28 U.S.C. § 1491(b)(1)); that the corrective action of which the cancellation is a part is not ripe for judicial review, *id*. at 12–15; and that B&B lacked standing to challenge the cancellation, *id*. at 15–16.[2]

At the request of the parties, due to the pendency of a related case and to a proposed rule that would change one of the relevant small business size standards, the case has been stayed beginning in 2012.  *See* Order (Sept. 21, 2012).  The latter reason has given rise to the government's mootness motion, as the size standard for small businesses under NAICS code 532291 has been increased to $30 million in annual receipts.  *See* 13 C.F.R. § 121.201 (2013); *Small Business Size Standards: Real Estate and Rental Leasing*, 77 Fed. Reg. 58,747, 58,754 (Small Bus. Admin. Sept. 24, 2012).  Plaintiff concedes that it qualifies as a small business under this standard.  *See* Pl.'s Resp. in Opp'n to Def.'s Mot. Dismiss for Mootness (Pl.'s Opp'n) at 1, 3.

Before considering whether this matter is moot, a brief discussion of our jurisdiction is in order.  As the Court has explained elsewhere, *see MORI Assocs., Inc. v. United States*, 102 Fed. Cl. 503, 522–24 (2011), it had been firmly established that the arbitrary cancellation of a solicitation constitutes a breach of the implied contract to fairly and honestly consider bids.  The Federal Circuit has held that our protest jurisdiction was augmented and not diminished by the Administrative Dispute Resolution Act of 1996 (ADRA).  *See Res. Conserv'n Group, LLC v. United States*, 597 F.3d 1238, 1243, 1246 (Fed. Cir. 2010).  Thus, the Court has found that challenges to arbitrary solicitation cancellations remain within our jurisdiction, as concerning violations of the FAR.  *See MORI Assocs.*, 102 Fed. Cl. at 523–24 (citing 48 C.F.R. § 1.602-2(b)).  Given our long history of entertaining such protests, the Court does not find subject-matter jurisdiction to be absent merely because the particular regulation that is violated by arbitrary cancellation is absent from the complaint.  Moreover, plaintiff does allege that a regulation --- the non-manufacturer rule, 48 C.F.R. § 19.102(f) --- was interpreted and applied in an arbitrary manner.  *See* Compl. ¶¶ 15, 17, 19, 27–31.  This would seem adequate for purposes of our subject-matter jurisdiction as stating the alleged violation of a regulation.  *Cf. MORI Assocs.*, 102 Fed. Cl. at 524 n.17 (explaining how the arbitrary exercise of laws might be "not in accordance with law" under 5 U.S.C. § 706(2)(A)).

---

[2] The government also makes the odd argument that the cancellation of a solicitation moots the protest of this cancellation.  *See* Def.'s Mot. to Dismiss at 9–12.

The Court also notes that while challenges to the arbitrary canceling of solicitations were traditionally rooted in an implied contract triggered by the submission of a bid, the regulation that is their basis under the ADRA does not rely on such a trigger. *See* 48 C.F.R. § 1.602-2 (concerning "all necessary actions for effective contracting"). Thus, challenges to such cancellations are not restricted to offerors who have submitted bids, but can be brought by a sufficiently "interested party." 28 U.S.C. § 1491(b)(1). In this type of pre-award bid protest, such interest --- the source of standing under the standard borrowed by the Federal Circuit for ADRA purposes, *see Am. Fed'n of Gov't Employees, AFL-CIO v. United States*, 258 F.3d 1294, 1302 (Fed. Cir. 2001) --- is established by alleging "a non-trivial competitive injury which can be redressed by judicial relief." *Weeks Marine, Inc. v. United States*, 575 F.3d 1352, 1361–63 (Fed. Cir. 2009).[3] Jurisdiction over B&B's protest, whether scrutinized as a matter of standing at the outset or mootness at this point in time, ultimately turns on the existence of a sufficient alleged injury.[4]

The question of plaintiff's standing was a difficult (and close) one from the beginning. When a solicitation is canceled because the government made the decision that it no longer needs the particular services or items, *see FFTF Restoration Co. v. United States*, 86 Fed. Cl. 226, 232–33 (2009), or that it should either in-source the requirements, *see MORI Assocs.*, 102 Fed. Cl. at 513–14, or make a sole-source award to a competitor, *see Def. Tech., Inc. v. United States*, 99 Fed. Cl. 103, 114–15 (2011), the cancellation necessarily precludes the protester from the opportunity of competing for a contract award. Here, the solicitation was canceled so that it could be reissued for a competitive award, and a strong argument can be made that a competitive injury is not inflicted until the new solicitation issues which excludes the protester from the competition. This is further compounded by B&B's reliance on *Rotech*, which determined that the application of the non-manufacturer rule to a solicitation did not depend on whether a services or supply NAICS code was employed. *Rotech*, 71 Fed. Cl. at 429–30. Under this approach, canceling a solicitation so that a services NAICS code could be substituted for a supply one would

---

[3] A different standard --- basing prejudice on whether the challenged action deprived the protester of a substantial chance of winning a contract --- may apply when the pre-award protest concerns the evaluation of a submitted offer. *See Orion Tech., Inc. v. United States*, 704 F.3d 1344, 1348–49 (Fed. Cir. 2013).

[4] It is clear to the Court that the formal cancellation of a solicitation is the type of final decision that satisfies ripeness doctrine. Moreover, the Court doubts that "final agency action," 5 U.S.C. § 704, a concept from the Administrative Procedure Act that the ADRA does not incorporate, has any relevance to the question of whether the protest of a procurement decision is ripe. *See CBY Design Builders v. United States*, 105 Fed. Cl. 303, 336 (2012).

not affect the application of the non-manufacturer rule, and thus it is hard to see how the cancellation by itself would inflict any competitive injury upon B&B.

In any event, it is evident that the government's interpretation of the non-manufacturer rule alone was not to plaintiff's prejudice; rather, competitive injury depends on the interaction of this interpretation with a NAICS code under which B&B fails to qualify as small.  *See* Compl. ¶ 25.  The CO canceled the solicitation to comply with an OHA determination that NAICS code 532291 was appropriate given the agency's requirements.  Admin. R. at 576; Compl., Ex. E.  Once OHA made this determination, the CO lacked the discretion to use any other NAICS code for the procurement.  *See* 48 C.F.R. § 19.303(c)(5). If there were any doubts as to the agency's intentions in this regard, they have been dispelled by the pre-solicitation notice, issued January 6, 2014, identifying the revised procurement as a total small business set-aside under NAICS code 532291.  *See* Def.'s Notice (ECF No. 37), Attach. A.  As we have seen, under the current regulations, B&B qualifies as a small business under this particular code, *see* 13 C.F.R. § 121.201 (2013); Pl.'s Opp'n at 1, 3, and thus the only injury alleged in the complaint is eliminated.

Although the parties still disagree over the proper application of the non-manufacturer rule, B&B is not injured by the government's contrary views.  A case is moot when it is unreasonable to expect "that the alleged violation will recur," and "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."  *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (citations omitted).  The alleged wrongful interpretation of the non-manufacturer rule is a cognizable violation of B&B's rights only when it results in the improper exclusion of plaintiff from the pool of eligible offerors.  This exclusion can no longer result from the use of the NAICS code which the SBA requires the agency to use in home healthcare oxygen procurements --- thus, the allegedly illegal interpretation of the non-manufacturer rule has no effect on B&B's ability to compete under the revised procurement or any other procurement involving the same requirements.  The formal change in the size standard regulation, based on industry data and not some change in policy, *see* 77 Fed. Reg. 58,747–48, is akin to the repeal of a law, rather than a voluntary cessation of illegal activity.  *Cf. Rothe Dev. Corp. v. Dep't of Def.*, 413 F.3d 1327, 1332–33 (Fed. Cir. 2005) (contrasting the suspension of a policy with the repeal of a law).

To be sure, the agency has not changed its interpretation of the non-manufacturer rule, but we are now presented with an "abstract disagreement" and not a "specific live grievance."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 479 (1990) (citations omitted) (internal quotation marks omitted).  Plaintiff argues that the agency's interpretation of the non-manufacturer rule will matter to it if it "outgrow[s] even the new size standard," Pl.'s Opp'n at 4, but this "amounts to a

request for advice as to what the law would be upon a hypothetical state of facts . . . or with respect to contingent future events that may not occur as anticipated, or indeed may not occur at all." *Cont'l Bank Corp.*, 494 U.S. at 479–80 (citations omitted) (internal quotation marks omitted).[5]  Plaintiff's controversy with the government concerning its eligibility as an offeror is now moot.  When a matter becomes moot, we lose subject-matter jurisdiction over it, and dismissal under RCFC 12(b)(1) is in order.  *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 328–29 (2012); *Technical Innovation, Inc. v. United States*, 93 Fed. Cl. 276, 278 (2010).  The government's motion to dismiss this case for mootness is **GRANTED.**  The Clerk shall close the case.

**IT IS SO ORDERED.**

                                                   s/ Victor J. Wolski
                                                   **VICTOR J. WOLSKI**
                                                   Judge

---

[5]  Contrary to B&B's contention, *see* Pl.'s Opp'n at 4–5, the Court does not find this case analogous to *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993), in which the vitality of a patent invalidity claim on appeal rested on the independent jurisdiction over the matter under a counterclaim seeking a declaratory judgment. *See Cardinal Chem. Co.*, 508 U.S. at 96.